THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TONGA HARPER, <br><br> Plaintiff, <br><br> v. <br><br> COMMONWEALTH EDISON, <br><br> Defendant. | Case No. 24-cv-1019 <br><br> Judge April M. Perry |

## MEMORANDUM OPINION AND ORDER

      Plaintiff seeks leave to file a Second Amended Complaint, which adds to Plaintiff's six-count employment discrimination case Count Seven: "Wrongful Termination of Employment as Retaliation." Doc. 38. Defendant objects, arguing the amendment is futile because the proposed amendment does not state a claim upon which relief can be granted. Specifically, Defendant argues that even applying a liberal pleading standard, Count Seven does not state a claim for retaliatory discharge, a violation of the Family and Medical Leave Act ("FMLA"), or a violation of Title VII of the Civil Rights Act of 1964. Doc. 46. For the reasons stated herein, the Court grants Plaintiff's request to file a Second Amended Complaint.

      District courts are to "freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Supreme Court has interpreted this rule to require a district court to allow amendment unless there is a good reason – futility, undue delay, undue prejudice, or bad faith – for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co*., 800 F.3d 343, 357-58 (7th Cir. 2015) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). In analyzing a proposed amendment for futility, the Court applies the legal sufficiency standard of Rule 12(b)(6) to determine whether the proposed amended complaint fails to state a claim.

      A motion to dismiss for failure to state a claim under Rule 12(b)(6) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957). When deciding a motion to dismiss, "[t]he well-pleaded factual allegations of the complaint and all reasonable inferences which follow from the allegations must be taken as true." *Corcoran v. Chicago Park Dist.,* 875 F.2d 609, 611 (7th Cir.1989). In addition, these allegations must be viewed in the light most favorable to the plaintiff. *See Powe v. City of Chicago,* 664 F.2d 639, 642 (7th Cir.1981). Moreover, when a plaintiff is *pro se*, the pleading standards "are considerably relaxed." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).

Plaintiff's Amended Complaint asserts claims of discrimination on the basis of race (Count One), color (Count Two), and sex (Count Three) under Title VII of the Civil Rights Act of 1964; race discrimination in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981 (Count Four); age discrimination under the Age Discrimination in Employment Act of 1967 (Count Five); and retaliation on the basis of race, color, gender, and age (Count Six). Doc. 23. To these claims, Plaintiff seeks to add in her Second Amended Complaint "Wrongful Termination of Employment as Retaliation," with no specific statutory violation cited. Doc. 38.

Count Seven's allegations are contained in paragraphs 129 through 133 of the proposed amended complaint. They read as follows:

129. Plaintiff was approved for and on medical leave for a qualifying health condition.

130. ComEd's Office of Health Services manipulated Plaintiff s approval for time off so that HR could layoff/terminate Plaintiff.

13l. Defendant terminated Plaintiffs employment on August 13, 2024, during her LTD leave, in direct violation of her rights under the Federal Laws.

132. The termination was conducted without any investigation, adequate notice, or just cause, further exacerbating the discriminatory and retaliatory environment in which Plaintiff had been employed.

133. Plaintiff seeks damages for lost wages, benefits, emotional distress, and other relief as deemed appropriate by this Court.

Doc. 38 at 23.

Illinois common law recognizes retaliatory discharge claims, "a limited and narrow exception to the general rule that employees are at-will." *Roberts v. Bd. Of Trustees of Community College Dist. No. 508*, 135 N.E.3d 891, 896 (Ill. 2019) (citation omitted). "To state a claim for retaliatory discharge, an employee must plead that (1) the employer discharged the employee, (2) the discharge was in retaliation for the employee's activities, and (3) the discharge violates a clearly mandated public policy." *Id.* (citation omitted). To strike the appropriate balance between an employer's right to fire at-will employees and the state's public policy, the Supreme Court of Illinois has demanded more than "[a] broad, general statement of policy" to satisfy the third element. *Turner v. Memorial Med. Ctr.*, 911 N.E.2d 369, 376 (Ill. 2009). A private dispute cannot be the basis for a public policy mandate; the "matter must strike at the heart of a citizen's social rights, duties, and responsibilities." *Id.* at 501 (quotation omitted). Moreover, a plaintiff must do more than cite a legal rule or principle; she "must show that [her] discharge violated the public policy that the cited provision clearly mandates." *Id.* at 377 (citations omitted).

Plaintiff has failed to state a claim for Illinois common law retaliatory discharge because she has not pled any public policy that has been violated. Drawing all reasonable inferences in Plaintiff's favor, her complaint as a whole does state both that she was terminated and that she reported "ethics" violations to EEOC and HR. However, the only specific ethical breach she

describes is the fact that she was offered a retention bonus which she believed was "unfair and unethical since it was not offered to the whole New Business organization." Doc 38 ¶ 48. This does not constitute a public policy concern of the type recognized by Illinois courts. *Michael v. Precision Alliance Grp.*, 21 N.E.3d 1183, 1188 (Ill. 2014) (noting that Illinois courts have allowed retaliatory discharge in two settings: (1) when an employee is fired for filing a claim under the Workers' Compensation Act; and (2) where an employee is discharged in retaliation for reporting illegal or similar misconduct); *Woods v. Neil Oil Co., Inc.*, 621 F. Supp. 3d 918, 924 (C.D. Ill. 2022). Moreover, Plaintiff does not appear to be attempting to plead an Illinois common law claim – she refers to the violation being one of federal law in both the complaint, Doc. 38 ¶ 131, and her motion seeking leave to amend, Doc. 43 at 2 (listing Title VII and the FMLA as the bases for her amendment). This is significant, because the Illinois Supreme Court considers whether there are other available means for achieving the public policy interest at issue when deciding whether a claim for retaliatory discharge is appropriate. *See Fellhauer v. City of Geneva*, 568 N.E. 2d 870 (Ill. 1991) (examining whether "recognition of a claim for retaliatory discharge is necessary in these circumstances to vindicate the public policy" by inquiring whether other statutory remedies would deter the misconduct alleged). Because the Plaintiff does not specify a public policy that the Illinois Supreme Court has found to support a claim of retaliatory discharge, but does have a remedy under federal law for the claim she describes (as is discussed further below), the Court finds that Count Seven does not state a claim for Illinois common law retaliatory discharge.

Nor does Plaintiff state a claim for a violation of the FMLA. Plaintiff's allegations about medical leave and a qualifying health condition could be read as invoking the FMLA, but the Second Amended Complaint does not actually name that statute. Nor does Plaintiff allege the facts necessary to support a finding that she was eligible for FMLA protection and eligible to take FMLA leave, that Defendant was subject to the FMLA, that Plaintiff provided sufficient notice of her intent to take FMLA leave, or that she was denied FMLA benefits – in short, any element of an FMLA claim. *See Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 816 (7th Cir. 2015). Plaintiff's use of the phrase "LTD leave" likely refers to long-term disability leave, which is separate from the FMLA. Nor has Plaintiff alleged any of the elements of an FMLA retaliation claim: namely, that she engaged in FMLA-protected activity, she suffered an adverse employment action, and that a causal connection exists between the two. *See Riley v. City of Kokomo*, 909 F.3d 182, 188 (7th Cir. 2018). Because Count Seven does not mention the FMLA and the allegations in the Second Amended Complaint taken as a whole cannot be read as supporting any element of an FMLA claim, the Court finds Plaintiff has failed to state a claim of a violation of the FMLA.

All that said, the Court does believe that Plaintiff has adequately pled a claim of Title VII retaliation. Plaintiff stated that she made "numerous EEOC and ethical complaints," Doc. 38 ¶ 79, and that she was terminated without "any investigation…or just cause" as part of the "discriminatory and retaliatory environment in which Plaintiff had been employed," Doc. 38 ¶ 132. In *Luevano v. Wal-Mart Stores, Inc.*, the Seventh Circuit held that a Plaintiff had adequately pled a Title VII retaliation claim by pleading that the plaintiff filed a complaint against their supervisor and received a reduction in assigned working hours. 722 F.3d 1014, 1029 (7th Cir.

2018). "To establish a prima facie case of retaliation, an employee need not present proof of a causal link between the protected expression in which the plaintiff engaged…and the adverse employment action of which he is complaining." *Id*. (quoting *Johnson v. Cambridge Industries, Inc*., 325 F.3d 892, 897 (7th Cir. 2003). And, filing an EEOC complaint is "the most obvious form of statutorily protected activity." *Coleman v. Donahoe*, 667 F.3d 835 (7th Cir. 2012). Although it is a close question, the Court believes that Count Seven can be interpreted as having stated a claim for retaliation under Title VII.

      Defendant argues that Plaintiff has not exhausted her administrative remedies for a Title VII retaliation claim by filing a timely complaint with the EEOC. Doc 46 at 8. That may turn out to be the case. However, Plaintiff attached a "Right to Sue" letter from the EEOC to her original complaint and has pled that she filed "numerous" complaints with the EEOC, Doc. 38 ¶ 79, including those asserting "discrimination and retaliation," Doc. 38 ¶ 6, and further asserts that "all conditions precedent to jurisdiction" under Title VII "have occurred or been complied with," Doc. 38 ¶ 5. To the extent Defendant believes that dismissal is appropriate for failure to exhaust administrative remedies, the Court invites Defendant to file an appropriate motion that presents the relevant evidence regarding the nature of the charges brought to the EEOC. At this time, however, the Court must take Plaintiff's statements as true and therefore grants Plaintiff's request to file a Second Amended Complaint.

Entered: 1/6/2025

*April M Perry*
United States District Judge