

FILED
1/6/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT




RECEIVED
2024 OCT 21
CLERK
U.S. DISTRICT COURT

RECEIVED
OCT 21 2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

|  |  |
|---|---|
| TONGA HARPER, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 1:24-cv-01019 |
| | ) |
| COMMONWEALTH EDISON, an Exelon Company, | ) |
| | ) |
| Defendant. | ) |

## AMENDED COMPLAINT

NOW COMES the Plaintiff, TONGA HARPER, Pro Se, complains against the Defendant COMMONWEALTH EDISON, an Exelon Company [hereinafter, ComEd] as follows:

1. This is a civil rights complaint for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") and the Civil Rights Act of 1964, 42 U.S.C. §1981 ("Section 1981").

2. This is an age discrimination complaint for age discrimination and retaliation in violation of The Age Discrimination in Employment Act of 1967.

## JURISDICTION AND VENUE

2. Jurisdiction of this court is invoked pursuant to Title VII, 42 U.S.C. §2000e-5 and 42 U.S.C. §12101 et seq. as well as 28 U.S.C. §§1337 and 1343.

3.      Defendant further constitutes an "employer" based on its engagement in an industry affecting commerce and its employment of fifteen (15) or more employees for each workup day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

4.      Prior to filing this civil action, the named Plaintiff timely filed written charges under oath asserting employment discrimination with the Equal Employment Opportunity Commission ("EEOC").  Plaintiff received a Notice of Right to Sue.  A copy of the Notice of Right to Sue marked Exhibit "A" is attached hereto.

### ADMINISTRATIVE PREREQUISITES

5.      All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

6.      Prior to filing this civil action, Plaintiff timely filed written charges under oath asserting discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC").

7.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "A"), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

## THE PARTIES

8.      Throughout the period pertinent to the allegations in this Complaint, and continuing to the present, Plaintiff has consistently resided in the City of Chicago, Cook County, Illinois.

9.      Defendant, ComEd, an Exelon Company, is headquartered in Chicago and conducts substantial business operations within Cook County. Serving over four million customers across northern Illinois, ComEd provides essential utility services, including the distribution and transmission of electricity to residential, commercial, and industrial customers.

10.     During the relevant period giving rise to this cause of action, Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

## ALLEGATIONS

11.     Plaintiff asserts claims of discrimination on the basis of race, color and age under Title VII and 42 U.S.C. §1981.

12.     Plaintiff assert claims of discrimination on the basis of age under The Age Discrimination in Employment Act of 1967.

13.     As a black individual, an African-American a female who is 52 years old, Plaintiff is a member of a legally protected class.

14.     The working conditions at ComEd are permeated with discrimination, ridicule, and insult, fundamentally altering the terms and conditions of Plaintiff's employment

and creating a hostile and abusive work environment.

15. Plaintiff has been employed as a full-time Senior Electrical Engineer and Customer Project

    Engineer with Defendant March 24, 2014 until the present.

16. Plaintiff has at all times performed her job duties as a Senior Electrical Engineer and

    Customer Project Engineer in a satisfactory manner since 2019.

17. All of Plaintiff's annual evaluations with the Defendant from 2019 until the present have

    been satisfactory.

18. Plaintiff was denied the same terms and conditions afforded to her co-workers who were

    similarly situated as herself including Eric Hirtzig [white] and Robert Wilk [white].

19. On October 31, 2022, plaintiff applied for the L4 position of Smart Meter Manager under

    Sainab Taiwo Ninalowo. The interview went extremely well. A follow up email was sent

    to the hiring manager.

20. On or around January 9, 2023, Plaintiff was denied promotion to a managerial position,

    despite having qualifications that met or exceeded all posted requirements, which were

    granted to a less qualified male colleague. Plaintiff believes this decision was influenced

    by her race, color and gender.

21. Sainab reached out to plaintiff's colleague Mark Castellanos [ Hispanic Male] for a L4

    position even though plaintiff was a much better engineer than Mark Castellanos.

22. Sainab was one of the names to be investigated for unfair promotional practices in February 2023 by ComEd's Ethics Office.

23. Comed had the intent to discriminate against the Plaintiff by hiring a white male instead of hiring a more qualified African-American Black Female.

24. ComEd has a pattern of unfair promotional practices through discrimination by not selecting qualified African American Black female candidates.

25. ComEd has negatively affected the Plaintiff by intentionally not promoting her which has caused lack of wages, no visibility across working units and no advancement opportunities.

26. In 2022, plaintiff was passed over for promotion to Level 4 positions which were given to less qualified white male co-workers.

27. This incident took place in the New Business Large Projects (Department 03314).

28. Plaintiff is a 52 years' old African American female and the most qualified Electrical Engineer.

29. Plaintiff was denied promotion to Level 4 Senior Manager of Department 003314 New Business Large Projects.

30. Instead, Eric Hirtzig (white male) who a less qualified Engineer who promoted of Plaintiff who was a more qualified African-American Black Female Engineer.

31. In December 12, 2022, on a Microsoft Teams call, Scott Dibasilio and Eric Hirtzig, plaintiff's direct managers, stated to plaintiff that she was not chosen for Level 4 Principal

Project Manager position and that Robert Wilk was promoted to the Level 4 Principal Project Manager position.

32. Robert is a design tech with less years of experience in Dept. 003314 New Business Large Project than Plaintiff.

33. Robert has a two-year associate degree from DeVry Institute while Plaintiff has a Bachelor of Science degree in Electrical Engineering from the University of Illinois at Chicago.

34. In 2022, Plaintiff energized more projects than Robert. All of Plaintiff's department metrics and milestones were better than those of Robert including Stability, Adherence and Planning scores which are ComEd's Key Performance Indicators (KPI).

35. Plaintiff had only one project on the overspend report and zero jobs on the baseline report which is part of ComEd's Financial Key Performance (KPI).

36. In addition, Plaintiff's L4 Senior Management assessment was performed in October 2022.

37. Robert did not take his L4 assessment until February 2023 which was after he was promoted to the position of Principal Project Manager of New Business Large Projects.

38. Plaintiff asked Erica Love-White (Key Manger of New Business Large Projects), who was listed as the hiring manager of New Business Large Projects, why Plaintiff was not promoted to the position of Principal Project Manager of New Business Large Projects.

39. Erica replied that Robert answered the interview questions better than Plaintiff's answers.

40. Erica's response was pretextual because she never gave plaintiff any kind feedback on her performance at the interview.

41. On or around December 12, 2022, Plaintiff was denied promotion to a managerial position, despite having qualifications that met or exceeded all posted requirements, which were granted to a less qualified male colleague. Plaintiff believes this decision was influenced by her gender.

42. The failure to promote Plaintiff has had a substantive impact on plaintiff's finance's and lack of creating advanced opportunities.

43. Erica (Plaintiff's Key Manger) equally permitted a hostile work environment coupled with retaliatory practices to continue unabated with the following work groups:

    I. The Network Highrise Group. Key Manager failed to support Plaintiff's effects to energize the Tootsie Roll Company when the Network Highrise Group failed to meet is commitment to construct its scope of work. Key Manager had the opportunity to initiate a condition report (CR) to address the issues but failed to do so. Failure to support Plaintiff (who operated within ComEd's Management Models) created a hostile work environment between the Network Highrise Group and Plaintiff.

    II. Field and Metering Services. Key Manager failed to support the Plaintiff when Field and Metering Services failed to install customer's building meters which resulted in customer's electrical services being delayed for nearly a month. Key Manager failed to address the issues with Field and Metering Services and Plaintiff. Key Manager had the opportunity to call for a Condition Report to

capture all issues but failed to do so. Key Manager's failure to created a hostile

work environment between Field and Metering Services and Plaintiff.

III.    New Business CIPPA. CIPPA is the junior group to New Business Large

Projects. The CIPPA group inherited a project that Plaintiff formerly managed.

Customer of the project Plaintiff stating that the project was not tracking properly

towards its completion. After a second call from the customer, Plaintiff

investigated customer's complaint by speaking to current Project Manager about

the project's progression. Plaintiff discovered that project was not properly was

designed and involved a safety risk of a large outage for 200+ customers.

Plaintiff cured design inefficiencies and resolved safety issues. L4 Manager of

New Business CIPPA failed to take responsibility of the mismanagement of the

project as the project was too advanced for current Project Manager. Key

Manager Erica Love White failed to investigate through a Condition Report (CR)

or an ACE. Instead Key Manager admonished Plaintiff by stating, "You should

not taken the project". As results a hostile environment was created between L4

Senior Management Darryl Richardson and Plaintiff. Key Manager Erica Love-

White failed to protect Plaintiff from a hostile work environment. Key Manager

intentionally created a hostile working environment as a form of retaliation

against the Plaintiff.

44. The culture at ComEd is historically laced with bullying, intimidation, racism, sexism and a code of silence tainted with retaliation if the employees do not comply with unethical practices and conduct.

45. Key Manager Erica Love-White offered Department 03314 a retention bonus to stay as Customer Project Engineer. Jaclyn Travoto, SVP, Human Resource approved the unethical contract as it did not offer the retention bonus to the whole New Business Large Project organization.

46. Erica asked plaintiff not to share any information about the offer because she did not offer it to every employee under her organization chart.

47. Scott and Eric, Plaintiff's direct L4 managers, did not know about the retention bonus contract.

48. Plaintiff elected not to sign the offer since she saw it as a tool unfair and unethical since it was not offered to the whole New Business organization.

49. Plaintiff is the only African-American Black Female in Dept. 03314 New Business Large Projects.

50. Key Manager refused to promote Plaintiff to Principal Project Manager as a form of retaliation for not signing unethical contract.

51. Plaintiff filed an Ethical Complaint on January 16, 2023.

52. The Human Resources conducted interviews during the months of January and February 2023.

53. William Cameroon-Ethical Compliance Attorney and Michelle Terrell- Employee Relations Special conducted ethical interviews during the months of February and March 2023. William Cameron has since departed from ComEd.

54. On June 7, 2023 while on PTO plaintiff went to the Chicago South Headquarters to login into a newly issued laptop. Plaintiff's work badge was deactived as a form of retaliation.

55. L4 Senior Manger Scott Dibasilio was asked why Plaintiff's employee ID was deactivated. L4 Senior did not provide a valid reason. Employee was badge out of the office because she is an African-American Black female. ComEd's conduct was retaliatory in nature against the Plaintiff.

56. The actions of Defendant as described above violate Title VII of the Civil Rights Act of 1964, as amended, which prohibits discrimination in employment on the basis of race, color and gender. Consequently, due to the denial of promotion opportunities, Plaintiff has incurred financial losses from the lack of promotions, bonuses, and pay grade increases

57. The action of the Defendant as described violate The Age Discrimination in Employment Act of 1967. Consequently, due to the denial of promotion opportunities, Plaintiff has incurred financial losses from the lack of promotions, bonuses, and pay grade increases

## COUNT I
## TITLE VII: DISCRIMINATION ON THE BASIS OF RACE

58. Plaintiff repeats and re-alleges paragraphs 11-57 as if fully stated herein.

59. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of her race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

60. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her race, African-American.

61. Throughout her employment, Plaintiff consistently performed her job in accordance with Defendant's legitimate business expectations.

62. Plaintiff was denied equivalent terms and conditions provided to her similarly situated white co-workers, Eric Hirtzig and Robert Wilk.

63. Defendant's aforementioned practices have resulted in depriving Plaintiff of equal employment opportunities and have adversely affected her employment status due to her race.

64. Defendant acted in willful and wanton disregard of Plaintiff's protected rights.

65. As a direct and proximate result of Defendant's unlawful employment practices and race discrimination described above, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages.

66. Plaintiff, in all respects, was performing her job in a manner that was consistent with ComEd's legitimate business expectations.

67. In 2022, plaintiff was passed twice over for promotion to Level 4 positions which were given to less qualified white male co-workers, Eric Hirtzig [white] and Robert Wilk [white].

68. Robert has a two-year associate degree in Electronics with less years of experience than Plaintiff who has a Bachelor's of Science degree in Electrical Engineering (BSEE) and 27 years of experience in Electrical Engineering.

69.    Robert did not take his L4 Management assessment until February 2023 which was well after he was promoted while plaintiff's L4 assessment was performed in October 2022.

70.    Defendant claimed Robert was promoted because he answered the interview questions better than Plaintiff did.

71.    On or around March 2022 and December 12, 2022, Plaintiff was denied two promotions to a managerial position, despite having qualifications that met or exceeded all posted requirements, which were granted to a less qualified male colleague. Plaintiff believes this decision was influenced by her race.

72.    The actions of Defendant as described above violate Title VII of the Civil Rights Act of 1964, as amended, which prohibits discrimination in employment on the basis of race.

73.    On February 16, 2024, Human Resource Rep, Jamarica Giles sent an email to the Plaintiff stating the Plaintiff was mandated to report to ComEd's training facility and that Plaintiff was under an official investigation.

74.    Plaintiff reported to ComEd's training facility as instructed by HR.

75.    HR rep Elizabeth Betsy informed that they would have to wait 45 minutes to an hour for Exelon's security team to attend the meeting.

76.    Plaintiff stated to HR that an hour would put meeting outside of Plaintiff's working hours.

77.    Plaintiff left all company's devices and employee ID with HR rep Elizabeth Betsy.

78. Plaintiff has been out of the office since February 16, 2024 with no access to ComEd's system.

79. ComEd's investigation was used a form of relation and intimidation as HR was aware of Plaintiff's numerous EEOC and ethical complaints.

80. Plaintiff has numerous open complaints against ComEd's leadership that HR has failed to investigate or properly address.

WHEREFORE, for the foregoing reasons, the Plaintiff, TONGA HARPER, respectfully requests that this court provide the following equitable and monetary relief:

a. Enter judgment in favor of Plaintiff and against Defendant for violation of Plaintiff's Rights under Title VII of the Civil Acts of 1964 and Title VII of the Civil Rights Act of 1981.

b. Declare that the actions of Defendant constituted unlawful discrimination;

c. Award Plaintiff compensatory damages, including, but not limited to, lost wages and benefits, in such amount as will reasonably compensate her for her losses with applicable statutory interest;

d. Award Plaintiff punitive damages in such amount as the Court deems proper;

e. Award Plaintiff the costs of litigation including reasonable attorneys' fees and expert witness fees and non-table expenses, and

f. Grant Plaintiff such other and further relief as the Court deems equitable and just.

## COUNT II
### TITLE VII: DISCRIMINATION ON BASIS OF COLOR

81.    Plaintiff repeats and re-alleges paragraphs 11-80 as if fully stated herein.

82.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of her color, black, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

83.    Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.,* due to her color, black.

84.    Throughout her employment, Plaintiff consistently performed her job in accordance with Defendant's legitimate business expectations.

85.    Plaintiff was denied equivalent terms and conditions provided to her similarly situated white co-workers, Eric Hirtzig and Robert Wilk.

86.    Defendant's aforementioned practices have resulted in depriving Plaintiff of equal employment opportunities and have adversely affected her employment status due to her color.

87.    Defendant acted in willful and wanton disregard of Plaintiff's protected rights.

88.    As a direct and proximate result of Defendant's unlawful employment practices and race discrimination described above, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages.

WHEREFORE, for the foregoing reasons, the Plaintiff, TONGA HARPER, respectfully requests that this court provide the following equitable and monetary relief:

Page 14 of 27

a.  Enter judgment in favor of Plaintiff and against Defendant for violation of Plaintiff's Rights under Title VII.

b.  Declare that the actions of Defendant constituted unlawful discrimination;

c.  Award Plaintiff compensatory damages, including, but not limited to, lost wages and benefits, in such amount as will reasonably compensate her for her losses with applicable statutory interest;

d.  Award Plaintiff punitive damages in such amount as the Court deems proper;

e.  Award Plaintiff the costs of litigation including reasonable attorneys' fees and expert witness fees and non-table expenses, and

f.  Grant Plaintiff such other and further relief as the Court deems equitable and just.

## COUNT III
## TITLE VII: DISCRIMINATION ON THE BASIS OF SEX

89.  Plaintiff repeats and re-alleges paragraphs 11-88 as if fully stated herein.

90.  By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of her sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

91.  Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.,* due to her sex, female.

92.     Throughout her employment, Plaintiff consistently performed her job in accordance with Defendant's legitimate business expectations.

93.     Plaintiff was denied equivalent terms and conditions provided to her similarly situated male co-workers, Eric Hirtzig and Robert Wilk.

94.     Defendant's aforementioned practices have resulted in depriving Plaintiff of equal employment opportunities and have adversely affected her employment status due to her sex.

95.     Defendant acted in willful and wanton disregard of Plaintiff's protected rights.

96.     As a direct and proximate result of Defendant's unlawful employment practices and sex discrimination described above, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages.

WHEREFORE, for the foregoing reasons, the Plaintiff, TONGA HARPER, respectfully requests that this court provide the following equitable and monetary relief:

a.     Enter judgment in favor of Plaintiff and against Defendant for violation of Plaintiff's

Rights under Title VII.

b.     Declare that the actions of Defendant constituted unlawful discrimination;

c.     Award Plaintiff compensatory damages, including, but not limited to, lost wages and benefits, in such amount as will reasonably compensate her for her losses with applicable statutory interest;

      d.      Award Plaintiff punitive damages in such amount as the Court deems proper;

      e.      Award Plaintiff the costs of litigation including reasonable attorneys' fees and expert witness fees and non-table expenses, and

      f.      Grant Plaintiff such other and further relief as the Court deems equitable and just.

## COUNT IV
### RACE DISCRIMINATION UNDER §1981

97.    Plaintiff repeats and re-alleges paragraphs 11-96 as if fully stated herein.

98.    By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of her race, African-American, in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981.

99.    Plaintiff is a member of a protected class under the Civil Rights Act of 1866, 42 U.S.C. §1981 due to her race, African-American.

100.    Throughout her employment, Plaintiff consistently performed her job in accordance with Defendant's legitimate business expectations.

101.    Defendant engaged in discrimination against Plaintiff as detailed above, including but not limited to subjecting her to harassment, disproportionately reprimanded compared to her white colleagues and creating a hostile work environment when her managers failed to promote or recommend for hire outside the department as a retaliatory measure designed to impede her professional advancement and preclude her

from applying for other positions within the company.

102. Defendant also retaliated against Plaintiff as detailed above.

103. Defendant acted in willful and wanton disregard of Plaintiff's protected rights.

104. Defendant's actions were done intentionally.

105. Defendant's treatment of Plaintiff deprived her of the full and equal protection of the laws for the security of persons and property, "as enjoyed by white citizens", in violation of 42 U.S.C. §1981.

106. As a direct and proximate result of Defendant's unlawful employment practices and race discrimination described above, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages.

WHEREFORE, for the foregoing reasons, the Plaintiff, TONGA HARPER, respectfully requests that this court provide the following equitable and monetary relief:

a. Enter judgment in favor of Plaintiff and against Defendant for violation of Plaintiff's

Rights under Title VII.

b. Declare that the actions of Defendant constituted unlawful discrimination;

c. Award Plaintiff compensatory damages, including, but not limited to, lost wages and benefits, in such amount as will reasonably compensate her for her losses with applicable statutory interest;

d. Award Plaintiff punitive damages in such amount as the Court deems proper;

e.       Award Plaintiff the costs of litigation including reasonable attorneys' fees and expert witness fees and non-table expenses, and

f.       Grant Plaintiff such other and further relief as the Court deems equitable and just.

## COUNT V
## AGE DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

107.    Plaintiff repeats and re-alleges paragraphs 11-106 as if fully stated herein.

108.    Throughout her employment, Plaintiff consistently performed her job in accordance with Defendant's legitimate business expectations.

109.    Defendant engaged in discrimination and retaliation against Plaintiff on the basis of her age, including but not limited to subjecting her to harassment, disproportionately reprimanded compared to her younger white colleagues and creating a hostile work environment when her managers failed to protect her against male coworkers bullying and intimidation her as a retaliatory measure designed to impede her professional advancement and preclude her from applying for other positions within the company.

110.    As a direct and proximate result of Defendant's unlawful employment practices and age discrimination described above, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages.

## COUNT VI
## RETALIATION ON THE BASIS OF RACE, COLOR, GENDER AND AGE

111.    Plaintiff repeats and re-alleges paragraphs 11-110 as if fully stated herein.

112.    Throughout her employment, Plaintiff consistently performed her job in accordance with Defendant's legitimate business expectations.

113.    Defendant engaged in discrimination and retaliation against Plaintiff on the basis of her race, gender, color and age, including but not limited to subjecting her to harassment, disproportionately reprimanded compared to her white colleagues and creating a hostile work environment when her managers failed to protect her against younger white male coworkers  as a retaliatory measure designed to impede her professional advancement and preclude her from applying for other positions within the company.

114.    As a direct and proximate result of Defendant's unlawful employment practices and race, gender color and age discrimination described above, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages.

115. On February 16, 2024, Human Resource Rep, Jamarica Giles sent an email to the Plaintiff stating the Plaintiff was mandated to report to ComEd's training facility and that Plaintiff was under an official investigation.

116. Plaintiff reported to ComEd's training facility as instructed by HR.

117. HR rep Elizabeth Betsy informed that they would have to wait 45 minutes to an hour for Exelon's security team to attend the meeting.

118. Plaintiff stated to HR that an hour would put meeting outside of Plaintiff's working hours.

119. Plaintiff left all company's devices and employee ID with HR rep Elizabeth Betsy.

120. Plaintiff has been out of the office since February 16, 2024 with no access to ComEd's system.

121. ComEd's investigation was used a form of relation and intimidation as HR was aware of Plaintiff's numerous EEOC and ethical complaints.

122. Plaintiff has numerous open complaints against ComEd's leadership that HR has failed to investigate or properly address.

123. The Plaintiff adopts and incorporates by reference the allegations contained in paragraphs 9-122 of the Complaint.

124. Plaintiff, in all respects, was performing her job in a manner that was consistent with ComEd's legitimate business expectations.

125.   ComEd discriminated against Plaintiff as described above, including but not limited to harassing her, subjecting her to a hostile work environment and denying her promotions.

126.   On or around February 16, 2024, Plaintiff was retaliated against through the threat of termination. Plaintiff believes this decision was influenced by her race, color and gender as none of the white males in Dept. 03314 experience the same treatment as Plaintiff.

127.   The actions of Defendant as described above violate Title VII of the Civil Rights Act of 1964, as amended, which prohibits discrimination in employment on the basis of race, color and gender.

128.   As a direct and proximate result of said unlawful employment practices and in disregard of Plaintiff's rights and sensibilities, Plaintiff has suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages.

WHEREFORE, for the foregoing reasons, the Plaintiff, TONGA HARPER, respectfully requests that this court provide the following equitable and monetary relief:

a. Enter judgment in favor of Plaintiff and against Defendant for violation of Plaintiff's

Rights under Title VII.

b. Declare that the actions of Defendant constituted unlawful discrimination;

c. Award Plaintiff compensatory damages, including, but not limited to, lost wages and benefits, in such amount as will reasonably compensate her for her losses with applicable statutory interest;

d.   Award Plaintiff punitive damages in such amount as the Court deems proper;

e.   Award Plaintiff the costs of litigation including reasonable attorneys' fees and

expert witness fees and non-table expenses, and

f.   Grant Plaintiff such other and further relief as the Court deems equitable and just.

## COUNT VII
## WRONGFUL TERMINAION OF EMPLOYMENT AS RETALIATION

Plaintiff repeats and re-alleges paragraphs 11-128 as if fully stated herein.

129.   Plaintiff was approved for and on medical leave for a qualifying health condition.

130.   ComEd's Office of Health Services manipulated Plaintiff's approval for time off so that HR could layoff/terminate Plaintiff.

131.   Defendant terminated Plaintiff's employment on August 13, 2024, during her LTD leave, in direct violation of her rights under the Federal Laws.

132.   The termination was conducted without any investigation, adequate notice, or just cause, further exacerbating the discriminatory and retaliatory environment in which Plaintiff had been employed.

133.   Plaintiff seeks damages for lost wages, benefits, emotional distress, and other relief as deemed appropriate by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TONGA HARPER, respectfully requests that this Court:

A.   Enter judgment in favor of Plaintiff and against Defendant for violation of Plaintiff's

rights under Title VII and Section 1981; The Age Discrimination in Employment Act

of 1967

B.    Declare that the actions of Defendant constituted unlawful discrimination;

C.    Grant a permanent injunction enjoining Commonwealth Edison Company, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates against the Plaintiff on the basis of race and color under Title VII and the Age Discrimination in Employment Act of 1967;

D.    Award Plaintiff compensatory damages, including, but not limited to, lost wages and benefits, in such manner as will reasonably compensate her for her losses;

E.    Award Plaintiff compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation;

F.    Award Plaintiff punitive damages for Defendant's malicious and/or reckless conduct in an amount to be determined at trial;

G.    Reinstate Plaintiff to her previous position or a comparable role with twice the salary for wrongful termination accordingly to Illinois statues on wrongful termination.

H.    Award Plaintiff back pay, front pay, and lost benefits.

I.    Award compensatory and punitive damages for emotional distress and discrimination.

J.      Demotions and Termination for all employees who had a direct involvement in Plaintiff's litigation allegations.

K.      Policy changes to protect future employees from experiencing Plaintiff's allegations as list in this complaint.

L.      Award any other relief this Court deems just and equitable.

M.      Award Plaintiff her costs, attorney's fees, and non-taxable expenses in this action, and

Grant such further relief as the Court deems equitable and just.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action.

Respectfully submitted,

**TONGA HARPER**

By:_____Tonga Harper
Pro Se

Dated: OCTOBER 21, 2024

Tonga Harper
3650 West 87th Street
Chicago,Illinois60652
tharper1971@gmail.com
(773) 937-8475 (Alt phone)

## **CERTIFICATE OF SERVICE**

I, Tonga Harper, pro se, certify that on October 21, 2024 I caused the foregoing to be

served on Plaintiff via email and U.S. postal mail to:

BARACK, FERRAZZANO, KIRSCHBAUM
& NAGELBERG
Allison N. Powers
Corwin J. Carr
Audrey Springer-Wilson
200 West Madison Street, Suite 3900
Chicago, IL 60606
312-984-3100
allison.powers@bfkn.com
corwin.carr@bfkn.com
audrey.springer-wilson@bfkn.com

*Tonga Harper*