UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TONGA HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24-cv-1019 |
| v. | ) | |
| | ) | Judge April M. Perry |
| COMMONWEALTH EDISON, | ) | |
| an Exelon Company, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On November 19, 2025, Magistrate Judge Maria Valdez entered a Report and Recommendation ("Report and Recommendation") concluding that Plaintiff's case should be dismissed pursuant to Federal Rule of Civil Procedure 37(b)(2) for Plaintiff's failure to comply with discovery obligations, including twice failing to appear at her scheduled deposition. Doc. 155. Before the Court are Plaintiff's objections to the Report and Recommendation. Doc. 157. As the Report and Recommendation addresses a dispositive motion, the Court applies the *de novo* standard of review. FED. R. CIV. P. 72(b)(3), 23 U.S.C. § 636(b). Based upon its own independent analysis, the Court is convinced that Judge Valdez's Report and Recommendation is factually and legally sound. Therefore, the Court overrules Plaintiff's objections, adopts the Report and Recommendation in its entirety, and dismisses this case with prejudice.

The Report and Recommendation provides a fulsome accounting of the facts leading up to Defendant's motion for sanctions. Among other things, it notes that on June 25, 2025, Judge Valdez ordered in open court that Plaintiff appear for her deposition on July 16, 2025, and that Plaintiff failed to do so. Doc. 155 at 5–6; Doc. 109. Plaintiff's explanation, provided approximately two hours before the deposition, was that defense counsel was engaged in "ghost

lawyering," and Plaintiff threatened counsel that if they would not reschedule her deposition, she would report them to the ARDC. Doc. 155 at 6; Doc. 114. Defense counsel did not agree to reschedule the deposition, and Plaintiff did not appear. Doc. 155 at 6; Doc. 112. Defendant filed a motion for sanctions, which Judge Valdez denied without prejudice. Doc. 155 at 7–8; Doc. 123; Doc. 133. Judge Valdez then ordered that the parties should meet and confer to make arrangements for Plaintiff to sit for a rescheduled deposition, but that "[u]nder no circumstances should Plaintiff fail to sit for the deposition." Doc. 155 at 8; Doc. 133. Judge Valdez further warned Plaintiff that "[a]ny failure by Plaintiff to sit for the deposition will result in sanctions potentially up to and including dismissal of her case." *Id*. Thereafter, the parties met and conferred, and Plaintiff acknowledged in writing the date, time, and location of the rescheduled deposition. Doc. 155 at 9; Doc. 138-1 at 20. Again, however, Plaintiff did not appear for her deposition, leading Defendant to file a renewed motion to dismiss for failure to prosecute. Doc. 138. After full briefing of the motion, Judge Valdez found incredible Plaintiff's explanation that Plaintiff had been mistaken about the time of the deposition. Doc. 155 at 12. Judge Valdez further pointed in her Report and Recommendation to facts demonstrating that Plaintiff's failure to appear was just part of a "long pattern of obstruction" that included failure to appear at numerous hearings, respond to discovery, and sit for her court-ordered deposition (twice), such that dismissal was an appropriate sanction. *Id*. at 13.

In response to the Report and Recommendation, Plaintiff has submitted objections, Doc. 157, fifty-eight pages of exhibits, Doc. 159, and a "Motion for Ruling on Pending Motion to Appoint Counsel and Notice of Article III Structural Concerns," Doc. 160, which has forty-four pages of exhibits attached, Doc. 160-1. This Court has reviewed all of Plaintiff's submissions, as

well as the docket in this case as a whole, and overrules Plaintiff's objections for the reasons that follow.

Plaintiff specifically objects that the Report and Recommendation "ignore[d] or minimize[d] Plaintiff's repeated efforts to comply" with various discovery orders. Doc. 157 at 2. Specifically, Plaintiff complains about how difficult it was for her to access the password-protected discovery in this case. *Id*. However, the Report and Recommendation does not fault Plaintiff for not being able to access the electronic discovery in this case. Rather, the Report and Recommendation focuses on Plaintiff's failure to appear at various court proceedings, her claims that she had not received the password at issue for the electronic discovery when the evidence showed she was provided with that information, and most significantly, her failure to appear (twice) for her deposition. Though Plaintiff provides many explanations for her failures to appear and comply, this Court cannot fault Judge Valdez for finding Plaintiff's litany of excuses incredible. For example, Plaintiff has complained that she did not appear for her second deposition because: (1) she mis-calendared the time; (2) she had transportation issues; (3) she had caregiving responsibilities; and (4) the location had changed unexpectedly. Doc. 157 at 6; Doc. 148 at 2. This Court is no more persuaded by these explanations than was Judge Valdez, given that Plaintiff confirmed in writing the date, time, and location of the deposition. *See* Doc. 138-1 at 20–22. Plaintiff has managed to meet deadlines when it was in her interests to do so, including filing thorough and timely objections to the Report and Recommendation. And, when added to Plaintiff's excuses that she has not been able to attend court due to "ID / security issues," could not appear for phone hearings because she "struggled with connectivity," Doc. 157 at 5, and her refusal to attend her first deposition due to "ghost lawyering," the list simply becomes too long to be believed. Though Plaintiff complains that the Magistrate Judge relied on

3

"inferences" when making her credibility finding, Doc. 157 at 6, reasonable inferences are, in fact, the basis of most credibility findings.

Plaintiff also objects to the Report and Recommendation on the basis that Judge Valdez's order regarding the second deposition only required that the deposition be scheduled within a certain time period, not that it be held within that time period. Doc. 157 at 2. That may be true, but the order also explicitly required that Plaintiff appear at the time the deposition was scheduled, which Plaintiff did not.[1]

Plaintiff further objects to the fact that she has pending motions for appointment of counsel, to extend fact discovery, and for settlement assistance counsel, and that any dismissal while those motions are pending would be unfair. Doc. 157 at 2. This is also the thrust of Plaintiff's "Motion for Ruling on Pending Motion to Appoint Counsel and Notice of Article III Structural Concerns." Doc. 160.

The Court emphasizes that "[t]here is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). In deciding whether appointed counsel is appropriate in a particular case, the court must engage in a two-step analysis, asking: (1) whether the plaintiff has made a reasonable attempt to retain counsel on her own or been effectively precluded from doing so; and, if so, (2) whether given the factual and legal complexity of the case, the plaintiff appears competent to litigate the matter. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (*en banc*). The analysis does not focus solely on the plaintiff's ability to try the case but takes into consideration the plaintiff's ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013). Factors that may be considered include: (1) the stage of litigation, *Romanelli v. Suliene*, 615 F.3d

---

[1] And as already explained, Plaintiff agreed to the scheduled time for her deposition and confirmed that agreement in writing. Doc. 155 at 9; Doc. 138-1 at 13, 20–22.

847, 852 (7th Cir. 2010); (2) plaintiff's submissions to date, *Olson*, 750 F.3d at 712; (3) plaintiff's physical and mental health, *id*.; (4) plaintiff's education level, communication skills, and litigation experience, *Pruitt*, 503 F.3d at 655; and (5) the complexity of the case, *id*. at 655–56. Here, though Plaintiff demonstrated she has made attempts to locate counsel on her own, the Court does not believe that appointment of counsel was or is appropriate. The record makes clear that Plaintiff, an electrical engineer, is intelligent and fully capable of representing herself. *See, e.g.*, 138-1 at 6–7 (letter from Plaintiff to defense counsel). Plaintiff's filings in this matter have been cogent and thorough.[2] Additionally, this is not a complex case and involves facts of which Plaintiff has personal knowledge. Finally, the Court notes that Plaintiff was unable to work productively with her two retained attorneys and has frequently threatened to report opposing counsel to various authorities. *See* Doc. 15 (first retained counsel's motion to withdraw); Doc. 51-1 at 2 (Plaintiff accusing first retained counsel of unethical behavior); Doc. 69 (second counsel's motion to withdraw, noting counsel's inability to "ethically or effectively represent" Plaintiff); Doc. 93 (requesting ethical review of defense counsel), Doc. 99 (same); Doc. 107 (same). While not dispositive, Plaintiff's lack of cooperation with either her own or opposing counsel weighs against the Court bringing another attorney into this matter. *See Moreno v. Methodist Hosps., Inc.*, 2 Fed. Appx. 574, 576 (7th Cir. 2001).

      Plaintiff's last objection is that dismissal is too harsh a sanction. To be clear: Plaintiff is not being sanctioned due to a lack of legal expertise or failure to follow esoteric rules of civil procedure. All Plaintiff had to do to avoid dismissal of her case was appear for her scheduled deposition as ordered. The Court acknowledges that dismissal with prejudice is a very serious sanction "to be used only in extreme situations," *In re Golant*, 239 F.3d 931, 937 (7th Cir. 2001),

---

[2] In fact, this Court was persuaded by Plaintiff to grant a motion for reconsideration. Doc. 134, Doc. 135.

and that "ordinary misconduct … can be punished by dismissal only after [Plaintiff receives] a warning *and* … the judge determines that dismissal is an appropriate sanction in the circumstances." *Bolt v. Loy*, 27 F.3d 854, 856 (7th Cir. 2000) (emphasis in original). As explained, Plaintiff received an explicit warning that the Court would consider dismissing her case if she failed to sit for her deposition. Doc. 133. And the Court finds no error in Judge Valdez's determination that dismissal was an appropriate sanction under the circumstances. The Court believes Plaintiff's failure to appear was not a good faith mistake and that Plaintiff's repeated obstructive behavior, as outlined in the Report and Recommendation and demonstrated by the docket as a whole, evidences a pattern that would have continued for as long as this litigation proceeded. Finally, the Court notes that Defendant has demonstrated prejudice due to Plaintiff's repeated failures to comply with discovery requests. Doc. 153 at 6–7. Accordingly, the Court adopts Magistrate Judge Valdez's Report and Recommendation in its entirety. This case is dismissed with prejudice.

Dated: December 9, 2025

_____
APRIL M. PERRY
United States District Judge